GEHRING ET AL V. BLACKBURN



NO. 07-01-0509-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 18, 2002



______________________________




STEPHEN L. GEHRING CONSTRUCTION, INC. AND



FIDELITY & DEPOSIT OF MARYLAND, APPELLANTS



V.



TODD BLACKBURN D/B/A TODD'S HOME REPAIR & REMODELING, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L2965; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________




ON MOTION FOR REHEARING



Before QUINN and REAVIS and JOHNSON, JJ.


 Remaining convinced that our original disposition of September 10, 2002 was
correct, the motion for rehearing of Stephen L. Gehring Construction, Inc. and Fidelity &
Deposit of Maryland (collectively Gehring) is overruled with these additional comments.

 By the motion for rehearing, Gehring contends that the award of attorney's fees was
improper because the judgment was not grounded on section 53.156 of the Texas Property
Code Annotated, which authorizes an award of costs and attorney's fees upon the
foreclosure of a lien. However, this statute is not the exclusive statutory provision
authorizing the award of attorney's fees and costs. Section 38.001 of the Texas Civil
Practices and Remedy Code authorizes the award of reasonable attorney's fees in addition
to the amount of a valid claim if the claim is for (1) rendered services; (2) performed labor;
(3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or
express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract.

 Accordingly, Gehring's motion for rehearing is overruled.


 Don H. Reavis

 Justice



Do not publish.

 




 



ourt of the status of the bankruptcy proceeding. On May 22, 2003, the clerk
was notified by appellants' attorney that he was informed that the bankruptcy proceeding
had been fully administered and was closed in July 1998. Nothing further was heard from
the parties.

 On August 7, 2003, the parties were notified that unless appellants or any party
desiring to continue the appeal, within ten days from the date of the notice, filed with this
court a response showing grounds for continuing the appeal, the appeal would be
dismissed for lack of prosecution. No reply to that notice has been made by either party.

 Accordingly, the appeal is reinstated, and as reinstated, is hereby dismissed. 


 John T. Boyd

 Senior Justice 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).